IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION FOR COMPASSIONATE** |
| vs. ) | **RELEASE** |
| ) | |
| Jeri Joy Frith, ) | Case No. 1:17-cr-202 |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Jeri Joy Frith's motion for reconsideration of the Court's July 23, 2020, order denying Frith's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on September 14, 2021. See Doc. No. 195. The Government filed a response in support of the motion on September 28, 2021. See Doc. No. 201. For the reasons set forth below, the motion is granted.

I.    **BACKGROUND**

On February 15, 2019, Frith pled guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances. See Doc No. 93. On May 28, 2019, the Court sentenced Frith to 90 months imprisonment and 5 years of supervised release. See Doc. No. 133. Frith is currently serving her sentence at FMC Carswell in Fort Worth, Texas. Her presumptive release date is November 20, 2023.

On April 23, 2020, Frith filed a motion seeking a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing the COVID-19 pandemic and various health problems as a "extraordinary and compelling" reason for a sentence reduction. See Doc. No. 164. The Government opposed the motion. The Court denied the motion on July 23, 2020, but invited her to renew the motion if her health problems worsened. See Doc. No. 190. In her current motion to

1

reconsider Frith details how her health has deteriorated over the last 12-18 months and supports her contentions with detailed medical records. Notably, she has been diagnosed with severe pulmonary arterial hypertension which is a terminal condition. She has been transferred to a federal medical center where she is at care level IV, the highest care level in a Bureau of Prisons (BOP) medical center.

## II.     LEGAL DISCUSSION

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). In this case, the Government does not oppose the motion to reduce Frith's sentence to time served.

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Frithen of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission policy statement can be found at Section 1B1.13 of the 2018 Sentencing Guidelines Manual. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). The Eighth Circuit Court of Appeals has yet to address the issue. See United States v. Rodd, No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In addition, the Sentencing Commission will not be publishing a 2019 or 2020 Sentencing Guidelines Manual for lack of a quorum. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 n.7. The Application Note to U.S.S.G. § 1B1.13 provides as follows:

> 1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**.--
>
>    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is–

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances**.--

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this

> policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.
>
> 5.  **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Frith has severe pulmonary hypertension, heart failure, and a number of other related health conditions. Frith is 51 years of age and has approximately 27 months left on her 90 month sentence. Her presumptive release date is November 10, 2023. That Frith's medical problems are serious is undisputed. The Court was aware of Frith's medical problems when it sentenced her. The Presentence Investigation Report noted that "her body has suffered greatly from her long-term drug use." See Doc. No. 128, ¶ 84. Frith's medical problems have worsened considerably since the Court denied her initial request for a sentence reduction in July 2020. She contracted COVID-19 while incarcerated which likely exacerbated her health problems. She now resides in a federal medical center and requires a high level of care. She requires the use of supplemental oxygen and uses a walker. She is in need of IV therapy but the treatment is not available or safe while incarcerated. With the treatments available from the BOP, Frith is unlikely to survive until her release date in November 2023. Inexplicably, the BOP denied her request for compassionate release in July 2021. Upon release, Frith has a plan to live near her son in Tacoma, Washington at a sober living house. Her son is willing to assist her with

transportation to and from medical appointments and her church is willing to provide assistance as well.

The Court has carefully reviewed the entire record and concludes Frith has demonstrated "extraordinary and compelling reasons" that would warrant a sentence reduction.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (noting the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).  The Court has also carefully considered each of the 3553(a) sentencing factors and concludes the 3553(a) factors also support compassionate release.  The Court concludes compassionate release is warranted and is a fair and just outcome at this stage.  The Government in its response agrees.

### III. CONCLUSION

For the reasons set forth above, Frith's motion to reconsider (Doc. No. 195) is **GRANTED**. Frith's sentence is reduced to a sentence of time served.  The originally ordered conditions of supervised release remain in effect, however the term of supervised release is reduced from five (5) years to one (1) year.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2021.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court